IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RUSSELL RICHARDSON VANE, IV,<br>    a/k/a "Duke Russ Hampel,"<br>    a/k/a "Duke,"<br><br>                Defendant. | Case No. 1:24-cr-101 |

### UNITED STATES' RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

The defendant has indicated his willingness to plead guilty to Count 3 of the Indictment in this case, which charges him with possession of a select agent—specifically, ricin, a deadly biological poison—without possessing the proper registration. The proposed statement of facts, which he has indicated he will adopt under oath, explains that he used instructions printed from his workplace computer to separate ricin toxin from castor beans, and stored that ricin in his home without obtaining the appropriate license—which, as a civilian with no legitimate purpose for possessing the ricin, he almost certainly would not have been able to obtain had he tried to apply for one. The defendant has also indicated that he intends to seek release from confinement pending sentencing pursuant to 18 U.S.C. § 3143(a), which provides that defendants shall be detained post-conviction unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." Here, the defendant has not provided clear and convincing evidence that he is neither a flight risk

1

nor a danger to any person.  Accordingly, the defendant's Motion for Release Pending Sentencing (the "Motion"), ECF No. 43, should be denied.

18 U.S.C. § 3143 carries a strong presumption of detention pending sentencing.  18 U.S.C. § 3143(a) ("the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence [ . . . ] be detained…) (emphasis added).  Only clear and convincing evidence that the defendant is neither a danger to any person, nor a flight risk, can overcome that presumption.  "Clear and convincing evidence" is defined, in the Fourth Circuit, as that which "produces in the mind of a fact finder a firm belief or conviction, without hesitancy, about the truth of the allegations." *United States v. Francis*, 686 F.3d 265, 274 (4th Cir. 2012).  The defendant cannot meet that burden here.

The defendant has made it abundantly clear that he very much wants to avoid any further incarceration in this case.  He says as much in his own Motion.  *See* ECF 43 at 5-6 (the defendant "will be asking for a sentence well below the guideline range," and "will . . . argue[] . . . for either 'time-served' and/or home confinement at sentencing.").  He appealed the magistrate judge's order of pre-trial detention to this Court.  He appealed this Court's order of detention to the Fourth Circuit.  Given the apparent intensity of his desire to avoid any further incarceration, his incentive to flee is unusually strong.

Furthermore, none of the concerns about flight risk raised by the government in the various detention hearings have been alleviated by the defendant's guilty plea in this case.  The fact remains that  the defendant attempted to fake his own death and change his identity after this case first came into the public eye.  He posted a fake obituary for himself to the internet and filed for a legal name change.  He drafted a handwritten plan to fake his own death, videotape it as proof, and

2

have his family claim life insurance benefits. The evidence proffered by the defendant in his motion relies almost entirely on the strength of his supposed "community ties" to prove that he poses no risk of flight—his wife, parents, children. But, as the government argued at the detention hearings, there was countervailing evidence that the defendant was already planning to sever those ties by faking his death. The defendant had not only made the plan, but had actually begun implementing it by posting a fake obituary and filing a name change request in the county court by the time he was arrested. Given that context, the court should not find that the defendant's community and family ties produce "a firm belief or conviction, without hesitancy" that poses no risk of flight.

The government may also seek to make additional oral argument at the hearing regarding the absence of clear and convincing evidence that the defendant is not a danger to the safety of any other person or the community.

**CONCLUSION**

For the foregoing reasons, the defendant has not proffered clear and convincing evidence that he is neither a flight risk nor a danger to any person. *See* 18 U.S.C. § 3143(a). Accordingly, the United States respectfully requests that the Court deny the defendant's Motion for Release Pending Sentencing.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:    /s/
    Danya E. Atiyeh
    Amanda St. Cyr
    Assistant United States Attorneys
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: (703) 299-3700
    Email: danya.atiyeh@usdoj.gov
          amanda.st.cyr@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to all counsel of record.

                                        /s/
                                        Danya E. Atiyeh
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        2100 Jamieson Avenue
                                        Alexandria, Virginia 22314
                                        Phone: (703) 299-3700
                                        Email: amanda.st.cyr@usdoj.gov